—◆—

Thomas C. Swanson, Kansas City, Mo., attorney for plaintiff.

Cooper, Neel, Sutherland & Rogers, Kansas City, Mo., attorneys for defendant.

REEVES, Chief Judge.

To rule intelligently on the above motion requires a brief statement of the facts. The plaintiff was employed by the defendant on February 1, 1918 as a locomotive fireman. Such employment was based upon a written application for such employment and the usual written agreement between the Brotherhood of Locomotive Firemen and Enginemen.

## ALCORN v. MISSOURI–KANSAS–TEXAS R. CO.
### No. 4415.

United States District Court
W. D. Missouri, W. D.

Jan. 13, 1950.

This means, of course, that the plaintiff was a member of the Union. Thereafter, because of slack business, the plaintiff was "furloughed" or laid off because of the economic necessity to reduce the number of locomotive firemen. This was done conformable to the contract with the union. This occurred on or about November 19, 1929. About that time the plaintiff ceased to be a member of the union. Under the contract of the union, however, the defendant had agreed to preserve his seniority rights and to restore him to employment when business conditions improved so as to warrant such restoration. In the meantime, after such furlough or layoff, the plaintiff was employed by the Missouri Pacific Railroad Company. Because of a

claimed injury he sued the railroad company, asserting that he was physically, totally and permanently disabled. He recovered judgment upon such claim in a large sum of money, towit, $20,000, and such judgment was affirmed by the Supreme Court of Missouri, Alcorn v. Missouri Pacific Railroad Co., 333 Mo. 828, 63 S.W.2d 55. This opinion was rendered on August 3, 1933. The appeal was taken from the Circuit Court of Cooper County, Missouri.

When he received his injury the plaintiff was a brakeman for the Missouri Pacific and the accident and consequent injuries occurred on December 21, 1929. On November 29, 1930, defendant's superintendent wrote the plaintiff advising:

"* * * your name has been permanently removed from Fireman's Seniority Roster, St. Louis District, for the reason that you presented evidence in a recent suit against the Missouri Pacific for the purpose of proving your contention that you were, on account of your physical condition, permanently disqualified from railroad service."

While it is claimed by the plaintiff that he did not receive that letter until nine years thereafter, nevertheless, in a letter addressed to the defendant's superintendent, dated March 25, 1942, he acknowledged receipt of the letter, made no claim that there was a failure of prompt delivery and in his letter of that date said:

"My physical condition has improved until at this time I am certain that I can pass the required physical examination and can perform railroad service."

Subsequently the plaintiff endeavored to be reinstated as a locomotive fireman and did so through the agency of the union of which he was formerly a member. Efforts in his behalf by the union were refused. He then became the employee of another railroad and was reinstated by the union. Again he took steps conformable to union rules for reinstatement as a locomotive fireman through negotiations by the union officers. His efforts were unavailing as the union declined to aid him, and he has instituted a suit here on two alleged causes of action.

In the first count he seeks a mandatory injunction requiring the railroad to reinstate him to his former seniority rights, and in his second count he asks damages for wrongful discharge. The defendant, among other numerous defenses, has interposed the one of the statutory bar limiting the right of action to a period of five years. The plaintiff seeks to have this plea stricken.

1. The pleadings both on behalf of the plaintiff and the defendant have assumed extensive proportions. Depositions have been taken and sundry exhibits are presented together with affidavits in connection with this motion. These have been examined. Upon the admitted facts it would appear that the defendant is entitled to and properly does interpose a defense of the limitation of the actions.

2. Although the defendant has not filed a motion for a summary judgment on the pleadings and undisputed facts, yet counsel on both sides have discussed the case as if such had been done. Quite clearly the defendant was within its rights when it undertook to discharge the plaintiff on November 29, 1930. It was not a case where it preferred charges against the plaintiff and such as would entitle him to a hearing under union rules. When it was made to appear that the plaintiff was physically disqualified for performing the duties as a locomotive fireman, the superintendent was within his right in ordering plaintiff's name removed from the seniority roster. This action of the superintendent was supported by the plaintiff's statement and his proof that he was disqualified from further railroad service. Moreover, the superintendent of the defendant made the locomotive fireman's union acquainted with the fact of the discharge and the reason therefor. This was unobjectionable to the union. Even though the plaintiff may not have received the letter until nine years later, the union did receive such communication. In his letter dated March 25, 1942, plaintiff confirmed his claimed disability at the time of his discharge by saying that "my physical condition has improved."

According to the evidence the plaintiff was no longer a member of the union and therefore the contract of the union in his behalf no longer affected the right of the defendant to discharge the plaintiff. Immediately upon such discharge the statute of limitations began to run. Conceding that the plaintiff did not receive the letter until 1939, nevertheless this action was not instituted for more than five years thereafter. The statute was not tolled during the plaintiff's efforts to be reinstated in the union, so that that organization might look into the question of his wrongful discharge. It was not of course a wrongful discharge, and was one that apparently had the approval of the union, both before and after his reinstatement.

3.. If properly discharged, plaintiff could not at this late date bring an action to be restored to a position he occupied under an indefinite term of employment. Neither could he maintain an action for damages for wrongful discharge.

Since the parties do not ask for a judgment on the pleadings, the only decision now called for is a ruling whether the plea of limitation should be permitted to stand. It should be.